IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| HENRY A. WILLIAMS, | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) ) | No. 16-cv-2757 No. 04-cr-20401 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) ) | |

ORDER

Before the Court is Movant Henry A. Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.)

For the following reasons, Williams' motion under § 2255 is DENIED AS MOOT.

I. Background

A jury convicted Williams of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (See Jury Verdict, United States v. Williams, No. 2:04-cr-20401 (W.D. Tenn. 2005), ECF No. 57.) The Court found that the Armed Career Criminal Act (the "ACCA") applied to Williams based on his prior convictions of involuntary manslaughter; four separate convictions for burglary; escape; attempted burglary; rape; and robbery. (Presentence Investigation Report ¶¶ 26, 29-31, 35-38, 40, No. 2:04-cr-20401.)

The Court sentenced Williams to 180 months of incarceration and three years of supervised release. (Judgment, No. 2:04-cr-20401, ECF No. 69.)

In 2008, Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Williams v. United States, No. 2:08-cv-02348 (W.D. Tenn. 2009), ECF No. 1.) The Court dismissed his petition and denied a certificate of appealability. (Order, Case No. 2:08-cv-02348, ECF No. 6.) The Sixth Circuit affirmed his conviction and sentence on direct appeal. (Order of USCA, No. 2:04-cr-20401, ECF No. 87.)

In 2016, Williams sought authorization by the Sixth Circuit to file a second or successive § 2255 petition, challenging his ACCA designation in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Second Successive Mots., Williams v. United States, No. 16-5827 (6th Cir. 2016), ECF Nos. 1, 8.) In September 2016, the Sixth Circuit granted his motion and transferred the case to this Court. (Order, 6th Cir. No. 16-5827, ECF No. 12.) In this § 2255 motion, Williams argues that his sentence was improperly enhanced under the ACCA because his prior convictions for robbery and burglary were determined to be qualifying offenses under the ACCA's now-invalidated residual clause. (ECF No. 1 at 3.) Williams was released from custody on February 2, 2018.[1]

---

[1] See Fed. Bureau of Prisons (BOP), Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed June 7, 2019).

**II. Analysis**

Williams has been released from the physical custody of the BOP. His § 2255 motion "regarding lowering his term of imprisonment [in light of Johnson] has been rendered moot with his release from BOP custody." United States v. Hinson, No. 2:02-cr-22, 2015 WL 5712767, at *4 (E.D. Tenn. Sept. 29, 2015); see also Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). Because Williams is not presently in custody, the Court cannot grant him relief from incarceration.

Williams is "still 'in custody' for purposes of § 2255 because he is serving a term of supervised release." Hinson, 2015 WL 5712767, at *4. Williams does not argue, however, that his three-year term of supervised release was imposed in violation of the Constitution, that the Court was without jurisdiction to impose it, or that it was in excess of the maximum authorized by law. See 28 U.S.C. § 2255(a). Williams' only claim addresses his custodial sentence enhancement under the ACCA. (See ECF No. 1 at 3; see also Lukasik v. United States, No. CIV. 08-10960, 2011 WL 1296852, at *5 (E.D. Mich. Mar. 31, 2011) (holding that § 2255 petitioner's claims about length of his sentence were moot because he was released from custody and because he did not "appear to

3

quarrel with the amount of restitution or the term of supervised release").)

The three-year term of supervised release does not exceed the maximum authorized by law. See 18 U.S.C. § 924(a)(2) (providing that whoever violates § 922(g) shall be imprisoned for no more than ten years); id. § 3559(a)(3) (providing that an offense with a maximum term of ten years is classified as a Class D felony); id. § 3583(b)(2) (noting that the authorized term of supervised release for a Class D felony is not more than three years).

### III. Conclusion

For the foregoing reasons, Williams' motion under § 2255 is DENIED AS MOOT.

So ordered this 7th day of June, 2019.

                               */s/ Samuel H. Mays, Jr.*
                               SAMUEL H. MAYS, JR.
                               UNITED STATES DISTRICT JUDGE